{¶ 32} Based upon the trial court's holdings that Mr. Waszkowski is not the father of the minor child, that his duty to pay support has terminated, and that his ability to seek parenting time has also terminated, I conclude he lacks standing to seek visitation rights.
 {¶ 33} "`Standing' is defined at its most basic as '(a) party's right to make a legal claim or seek judicial enforcement of a duty or right.'"Ohio Pyro, Inc. v. Ohio Dept. of Commerce, 115 Ohio St.3d 375,2007-Ohio-5024, at ¶ 27, quoting Black's Law Dictionary (8th Ed. 2004) 1442. R.C. 3109.051(B)(1) sets forth the circumstances under which nonparental visitation pursuant to the statute may be sought:
 {¶ 34} "(B)(1) In a divorce, dissolution of marriage, legal separation, annulment, or child support proceeding that involves a child, the court may grant reasonable companionship or visitation rights to any grandparent, any person related to the child by consanguinity or affinity, or any other person other than a parent, if all of the following apply:
 {¶ 35} "(a) The grandparent, relative, or other person files a motion with the court seeking companionship or visitation rights.
 {¶ 36} "(b) The court determines that the grandparent, relative, or other person has an interest in the welfare of the child.
 {¶ 37} "(c) The court determines that the granting of the companionship or visitation rights is in the best interest of the child." *Page 11 
 {¶ 38} This matter commenced as a child support action by Mrs. Merril against Mr. Waszkowski, at a time when he was believed to be Mason's biological father. However, the genetic testing proved this was not possible. Consequently, the trial court, by and through its magistrate, following the January 31, 2007 hearing, ordered that Mr. Waszkowski's child support obligations be terminated; and by its July 5, 2007 judgment entry, the trial court determined it could not further consider Mrs. Merril's request for child support. This was correct. Being neither Mason's biological or adoptive father, Mr. Waszkowski, as a matter of law, cannot be obliged to support Mason. Nor did he then possess any duty or right to seek visitation or to have court ordered visitation. The child support was improvident at its inception.
 {¶ 39} However, the trial court incorrectly concluded that Mr. Waszkowski's complaint for companionship or visitation pursuant to R.C. 3109.051 remained viable. Mr. Waszkowski's complaint could only be viable under that provision of R.C 3109.051(B) allowing "other person[s]" with "an interest in the welfare of the child" to seek companionship or visitation. R.C. 3109.051(B)(1)(b). However, forany person named in R.C. 3109.051(B)(1) to be allowed companionship or visitation, one of the five proceedings set forth in that division — i.e., "a divorce, dissolution of marriage, legal separation, annulment, or child support proceeding" — must exist. With the determination that the child support proceeding in this case was improper, there was no further basis for hearing the R.C. 3109.051
complaint.
 {¶ 40} A similar conclusion was arrived at by the Tenth District Court of Appeals in Liston, supra. In that case, the parties had been involved in a relationship. Id. at 1. They had a son, Connor, of whom appellee was the biological mother. Id. Eventually, *Page 12 
appellant severed the relationship with appellee. Id. at 2. Appellant then brought a complaint seeking to provide child support for the boy, and visitation rights pursuant to R.C. 3109.051. Id. at 2. The trial court dismissed the child support complaint, since appellant could not be legally obliged to pay support for the child, not being a parent. Id. at 2. It further concluded that, without a child support proceeding pending, there was no R.C. 3109.051 proceeding to which a claim for visitation could attach. Id. at 2-3. Consequently, the trial court dismissed the visitation complaint. Id.
 {¶ 41} On appeal, the Tenth District affirmed. Liston at 22-23. Its summary of the legal situation is instructive:
 {¶ 42} "Appellant does not have standing to seek visitation, because none of the requisite proceedings listed in R.C. 3109.051 exist in this case. There does not exist a divorce, dissolution of marriage, legal separation, or annulment in this matter that involves Connor. Moreover, as previously determined in our discussion of appellant's third assignment of error, there does not exist a proper `child support proceeding' that involves Connor, for the simple fact that appellant does not have an obligation to pay child support insofar as she is not the biological//natural and/or adoptive mother of Connor."Liston at 9.
 {¶ 43} Similarly, in this case, being neither Mason's biological or adoptive father, Mr. Waszkowski could never be obliged to support Mason. Since no child support proceeding can properly exist, there is nothing to which the R.C. 3109.051 complaint for companionship and visitation can attach. Mr. Waszkowski lacked standing to pursue companionship or visitation rights under R.C. 3109.051, once it was disclosed he was not the father of the child, rendering him a legal stranger to the child, and the child *Page 13 
support proceeding was dismissed. Consequently the court also lost the ability under R.C. 3109.051 to grant visitation or companionship to Mr. Waszkowski once the child support was no longer pending.
 {¶ 44} The decision of the majority also disregards the fact that paternity could have been sought earlier by appellee, prior to developing the relationship with this young child. All of appellee's rights emanate from the establishment of paternity. He cannot bootstrap that denial into a claim for visitation once his claim has been extinguished. The decision of the majority to allow standing for legal strangers to seek visitation upon a denial of paternity, due to the fact that they have an interest in the child's welfare, opens the door to any adult who has a close relationship with any divorced or unmarried parent or any child of a single parent to seek companionship with the child in any case where a request for child support is pending. This also places a great financial burden on that single parent to defend in court and litigate a determination of best interest, including expert testimony on both sides, and subjects the child to the undue stress of court involvement. The holding of the majority establishes precedent, which inherently violates the constitutional rights appellant and of all single parents to parent their children without having to share companionship with legal strangers not of their choosing.
 {¶ 45} I respectfully dissent. *Page 1